**AMERICAN BONDING CO. OF BALTIMORE v. ALBERT & DAVIDSON PIPE CORPORATION et al.**

Civil Action No. 2050.

District Court, D. New Jersey.
April 30, 1943.

Stickel & Stickel, of Newark, N. J., for plaintiff.

David M. Klausner, of Jersey City, for Albert & Davidson Pipe Corporation, defendant.

McDermott, Enright & Carpenter, of Jersey City, N. J., for Nugent & Potter Inc., defendant.

Smith, District Judge.

This is a civil action under the Federal Interpleader Act of 1936, 28 U.S.C.A. § 41, subd. (26). The action is before the Court at this time on the motions of the above named defendants, filed pursuant to rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint and dissolve the restraint issued thereon. It is asserted by the defendants, but controverted by the plaintiff, that the complaint fails to state a claim upon which relief can be granted.

The Harris-Harmon Well Co., a corporation of the State of New York, and the American Bonding Company of Baltimore, the plaintiff, a corporation of the State of Maryland, as principal and surety respectively, executed and delivered to the United States of America a payment bond in the penal amount of $6,397, pursuant to section 1 of the Act of August 24, 1935, c. 642, 49 Stat. 793, 40 U.S.C.A. § 270a (Miller Act). Thereafter, the conditions thereof having been breached, liability on the bond matured. The defendants Albert & Davidson Pipe Corporation and Nugent & Potter, Inc., corporations of the State of New York, pursuant to section 2 of the said Act, 49 Stat. 794, 40 U.S.C.A. § 270b, brought suits on the bond. The present action followed.

The complaint, a bill of interpleader, admits the plaintiff's liability on the bond, but alleges that the sum of the claims asserted thereon, by the said defendants and other claimants who are likewise joined as defendants, exceeds the penal amount of the bond, the maximum of plaintiff's liability. The complaint contains the conventional prayers for relief: That judgment be entered in the penal amount of the bond, that the plaintiff be discharged from further liability, that the defendants be required to interplead, et cetera.

■■■ It is the contention of the defendants that the right of the plaintiff to avail itself of the remedy of interpleader was abolished by the repeal of the "interpleader provisions" [1] of the Heard Acts, 40 U.S.C.A. § 270. The defendants argue that the said provisions were repealed by the enactment of the Miller Act, 40 U.S.C.A. § 270a et seq. The argument, although not disputable, does not support the contention. It is the opinion of the Court that the contention is untenable. The remedy here invoked by the plaintiff existed prior to and independent of the Heard Acts and was, therefore, not affected by

[1] "That where suit is so instituted by a creditor or by creditors, only one action shall be brought, and any creditor may file his claim in such action and be made party thereto within one year from the completion of the work under said contract, and not later. If the recovery on the bond should be inadequate to pay the amounts found due to all of said creditors, judgment shall be given to each creditor pro rata of the amount of the recovery. The surety on said bond may pay into court, for distribution among said claimants and creditors, the full amount of the sureties' liability, to wit, the penalty named in the bond, less any amount which said surety may have had to pay to the United States by reason of the execution of said bond, and upon so doing the surety will be relieved from further liability."

488

their repeal. It is well established that the jurisdiction of equity to grant the remedy of interpleader is not dependent upon statute. State of Texas v. State of Florida, 306 U.S. 398, 405, 59 S.Ct. 563, 830, 83 L.Ed. 817, 121 A.L.R. 1179; Standard Surety & Casualty Co. v. Baker, 8 Cir., 105 F.2d 578; Dee v. Kansas City Life Ins. Co., 7 Cir., 86 F.2d 813; Klaber v. Maryland Casualty Co., 8 Cir., 69 F.2d 934, 106 A.L.R. 617; American Surety Co. v. Lawrenceville Cement Co., C.C., 96 F. 25. The last case·is particularly applicable here. This action, as hereinabove stated, was brought by the plaintiff under the Federal Interpleader Act of 1936. It can not be successfully contended that the rights of the plaintiff thereunder were abrogated, or otherwise affected by the repeal of the Heard Acts.

It is the further contention of the defendants that the restraint deprives them of their remedy under section 2 of the Miller Act, 40 U.S.C.A. § 270b. It is the opinion of the Court that this contention is likewise untenable. There is nothing to prevent the defendants from establishing their claims in this proceeding. The Court may thereafter determine the right of the respective defendants in the fund and in so doing may fully recognize the rights to priority of payment, if any, asserted and proved. The defendants will not be deprived of their lawful remedy nor will their rights be prejudiced.

The motion to dismiss the complaint is denied. The plaintiff shall submit a proper order on notice to the above named defendants.