**ÆTNA CASUALTY & SURETY CO. v. B. B. B. CONST. CORPORATION.**

Nos. 157, 158, Dockets 21207, 21208.

United States Court of Appeals
Second Circuit.

March 15, 1949.

Writ of Certiorari Denied May 31, 1949.

See 69 S.Ct. 1158.

David Morgulas, of New York City (M. Carl Levine, Morgulas & Foreman, of New York City, on the brief), for plaintiff-appellant.

308

Joseph Joffe, of New York City (Joffe & Joffe, of New York City, on the brief), for defendant-appellee.

Before L. HAND, Chief Judge, and SWAN and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The single question presented below and on this appeal is the liability of a surety on a payment bond, given for the protection of persons furnishing labor and materials in the construction of public works, to pay interest to a claimant after all principal claims have been paid in full. The question arises in the surety's action of interpleader, with which the separate actions of the various claimants were consolidated. This defendant is the sole claimant for interest; it was successful in the court below.

The payment bond in question was given on February 25, 1943, by the plaintiff surety company as surety for Leo Construction Co. Inc., the contractor for the construction of two government warehouses at Rome, New York. It was in the penal sum of $266,459.30, or half the original contract price, and was conditioned on payment to "all persons supplying labor and material in the prosecution of the work provided for in said contract," as required by the contract and by the Miller Act, 40 U.S.C.A. § 270a. Plaintiff was also surety on the required performance bond of $133,-229.65 for the protection of the Government itself. In July, 1943, the contractor defaulted, the Government terminated the contract, and the contractor was adjudicated a bankrupt. Creditors' claims under the Miller Act, 40 U.S.C.A. § 270b(b), could then be filed until one year after the final settlement date for the contract. It was not until June 25, 1948, that the Comptroller General certified that date to be February 26, 1948, thus making it conclusive upon the parties. 40 U.S.C.A. § 270c. After creditors' claims, including the defendant's claim, had been asserted against plaintiff substantially in excess of its liability on the bond, and after it had paid off wage claims by laborers and workmen, it instituted this action on December 14, 1943, under the Federal Interpleader Act, 28 U.S.

C.A. § 41(26)—now 28 U.S.C.A. §§ 1335, 1397, and 2361—to enjoin all pending individual actions and compel all claimants to submit their claims in the interpleader action. To fulfill the jurisdictional requirement of that Act that either the money in dispute be paid in court or an acceptable bond be furnished, it supplied a bond of $100,000 duly approved by the court.

On May 2, 1944, the court ordered pending actions on the bond consolidated with the interpleader suit; it also stayed pending and prospective actions. Included was the action of this claimant, the present defendant-appellee, instituted November 29, 1943. On October 10, 1947, the stay order was vacated to permit defendant to proceed with its claim as part of the consolidated action. But meanwhile plaintiff had been able to make full payment, without interest, of all claims as finally adjusted, by obtaining from the United States, on behalf of the claimants, the balance of the contractor's unpaid earnings, after deducting the Government's damages for default. In assigning their rights against the United States to plaintiff for collection, all of the claimants except defendant waived any claim for interest, thus leaving defendant's claim therefor alone to be determined in the consolidated action below. The judgment appealed from awards defendant $2,-601.26 and costs, thus allowing interest on its claim from November 29, 1943, the date of its original action, to the date of judgment.

The parties and the court below appear to be in accord that the surety's liability for interest must be determined by the law of New York, the state where the contract and bond were made; and we are not disposed to question this, since the Miller Act contains no specific provisions as to it. See Illinois Surety Co. v. John Davis Co., 244 U.S. 376, 37 S.Ct. 614, 61 L.Ed. 1206; Globe Indemnity Co. v. Southern Pac. Co., 2 Cir., 30 F.2d 580, certiorari denied 279 U.S. 860, 49 S.Ct. 418, 73 L.Ed. 1000; and Continental Casualty Co. v Schaefer, 9 Cir., 1949, 173 F.2d 5. Nor is there reason to regard that law as exceptional. At any rate, under it interest does not begin to run until there is a de-

fault in the performance of the condition. N.Y. Civil Practice Act, § 160. Furthermore it is stated: "In this state a surety on a bond given pursuant to statute * * * is chargeable with interest, not from the default of the principal, but from the time when he could have safely paid the same providing he then unjustly withholds it." Tuzzeo v. American Bonding Co. of Baltimore, 226 N.Y. 171, 178, 123 N.E. 142, 144. Plaintiff could not anticipate the total amount of the claims to be filed up to February 26, 1949, or a year after final settlement. At least until the interpleader suit was begun, therefore, any payment plaintiff might make would be at its own risk and could not be compelled, so that nonpayment was not default.

Hence the substantial question here is as to the effect of the interpleader suit. It has been argued that an interpleader suit cannot affect the independent actions brought by Miller Act claimants, since the Miller Act itself repealed the provisions of its predecessor, the Heard Act, 40 U.S.C.A. § 270, which required that all claimants join in a single action. But the interpleader remedy existed independently in equity, American Surety Co. v. Lawrenceville Cement Co., C.C.Me., 110 F. 717; Federal Rules of Civil Procedure, rule 22, 28 U.S.C.A., and found independent statutory expression, after repeal of the Heard Act, in the Federal Interpleader Act of 1936. It is only a reasonable limitation on the remedy in § 2 of the Miller Act, 40 U.S. C.A. § 270b. American Bonding Co. of Baltimore v. Albert & Davidson Pipe Corporation, D.C.N.J., 52 F.Supp. 486. The effect, therefore, of the interpleader action and of the remedies of injunction and of citing in other claimants, 28 U.S.C.A. § 41(26)(c)—now 28 U.S.C.A. § 2361—would be to afford plaintiff complete protection from other claims.

This situation was thought by the court to be analogous to that in the Tuzzeo case, supra, to constitute a basis for the starting of the interest to run. In that case no interest was allowed until the bringing of an action wherein the stakeholder could have cited in the other claimants. It was allowed thereafter because the stakeholder did not pay the amount involved into court. So here it is contended that plaintiff became liable for interest when it failed to pay the sum in dispute into court in December, 1943. The court stated that if plaintiff had made such payment and had not attempted to make the settlements which it did so successfully later, the claimants might not have been paid as expeditiously or perhaps in full and that there would surely have been additional attorneys' fees and expenses, which were avoided by the course taken.[1] In other words, no one would have profited by application of the law as thus stated; probably all the claimants would have lost. But the law was accepted as adamant.

We think, however, this is to fail to do justice to the express provisions of the Federal Interpleader Act. Until 1936 and after 1926, the statute required only a deposit in court, so that had the case then arisen it would have been fairly analogous to the Tuzzeo case. But a defect of the earlier Act was thought to be the failure to acquire jurisdiction except on payment of a deposit, which was not possible or not feasible in all cases; and hence since 1936 the Act has provided expressly for the alternative of filing a bond. 3 Moore, Federal Practice ¶¶22.06, 22.10, 2d Ed. 1948; Chafee, The Federal Interpleader Act of 1936: I, 45 Yale L.J. 963, 977. Here the bond was so filed with the explicit approval of this district judge. Indeed defendant asserts that it asked the judge to require the deposit of money; while plaintiff quotes his unreported decision approving the $100,000 bond as adequate, saying "that here there is no question of the financial ability of the plaintiff," and pointing out that plaintiff, in addition to filing the bond, had already paid out money to the mechanics and laborers who had claims, and had made, and was attempting to make, other payments to claimants. In view of this decision we do not think the judge can now appropriately find

---

[1] Plaintiff also secured a slight advantage for itself, for, upon ultimate settlement after receiving the salvage from the Government, it had a balance of $13,449.-05, which it asserts is much less than its attorneys' fees in the various proceedings.

the surety in default in following the option expressed in the Act itself and his own directions and findings. The case is therefore one where the surety never having been in default cannot be held for interest. American Surety Co. v. Lawrenceville Cement Co., supra; United States v. Anchor Warehouses, 2 Cir., 92 F.2d 57, certiorari denied Fidelity & Casualty Co. of New York v. United States, 302 U.S. 755, 58 S. Ct. 282, 82 L.Ed. 584. The claim must be dismissed.

Reversed.