PENNSYLVANIA TURNPIKE COMMIS-SION, Appellant

v.

Edgar A. McGINNES, District Director of Internal Revenue of Philadelphia, Manu-Mine Research and Development Company and Seaboard Surety Company.

No. 13169.

United States Court of Appeals Third Circuit.

Argued May 13, 1960.

Decided May 24, 1960.

Appeal from the United States District Court for the Eastern District of Pennsylvania; Thomas J. Clary, Judge.

Aaron M. Fine, Philadelphia, Pa. (Harold E. Kohn, Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., Henry E. Harner, Harrisburg, Pa., on the brief), for appellant.

Douglas A. Kahn, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attorneys, Department of Justice, Washington, D. C., Walter E. Alessandroni, U. S. Atty., James J. Phelan, Jr., Asst. U. S. Atty., Philadelphia, Pa., on the brief), for Director of Internal Revenue.

Daniel Mungall, Jr., S. Gordon Elkins, Philadelphia, Pa., on the brief, for Seaboard Surety Co.

Frederick G. McGavin, Reading, Pa., on the brief. Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Manu-Mine Research & Development Co.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court for the Eastern District of Pennsylvania dismissing the complaint of the Pennsylvania Turnpike Commission against the District Director of Internal Revenue for lack of jurisdiction and remanding the case against the other defendants to the state courts. It is the second time the case has been in this Court. In the first case we held that the United States District Court did not have original jurisdiction of the action. Pennsylvania Turnpike Commission v. McGinnes, 3 Cir., 268 F.2d 65, certiorari denied 1959, 361 U.S. 829, 80 S.Ct. 78, 4 L.Ed.2d 71. Then the plaintiff started an action in the Common Pleas Court of Philadelphia County, and the District Director removed it to the federal district court for the Eastern District of Pennsylvania under 28 U.S.C.A. § 1442(a)(1). The complaint seeks an injunction against the District Director of Internal Revenue or his successors restraining payment of a tax refund to Manu-Mine Research & Development Company or its assignee, Seaboard Surety Company, and certain injunctive relief against the two

companies. We were advised upon argument that this tax refund has not yet been allowed through the formal channels necessary in the Bureau of Internal Revenue.

The district judge dismissed the complaint against the District Director for lack of jurisdiction and remanded the case against the other defendants to the state courts. He made a complete analysis of the problem and discussed the authorities. He was mindful of the difference alleged to be presented between this suit and the former one, already referred to. He also pointed out that the plaintiff was not without remedy against the other defendants in the state courts of Pennsylvania. D.C.E.D.Pa.1959, 179 F. Supp. 578.

We agree with the result reached by Judge Clary and think that progress of the case will be assisted by the prompt expression of that agreement rather than postponing what we have to say until a more formal opinion can be written.

The judgment of the district court will be affirmed.