UNITED STATES of America for the Use and Benefit of BERGEN POINT IRON WORKS, Plaintiff-Appellee,

v.

MARYLAND CASUALTY COMPANY and C. W. Regan, Inc., Defendants-Appellants.

No. 70, Docket 31301.

United States Court of Appeals Second Circuit.

Argued Oct. 4, 1967.

Decided Oct. 31, 1967.

Harold Harper, New York City (Vincent P. Uihlein, New York City, and Cohen, Swados, Wright, Hanifin & Bradford, Buffalo, N. Y., on the brief), for appellee.

Albert Foreman, New York City (Allen Ross and M. Carl Levine, Morgulas & Foreman, New York City, on the brief), for appellants.

Before FRIENDLY, HAYS and ANDERSON, Circuit Judges.

PER CURIAM:

This is an action brought under the Miller Act, 40 U.S.C. § 270b, by a subcontractor against the contractor and its surety. The district court entered judgment for the use plaintiff. We affirm.

Bergen and Regan entered into an oral agreement under which Bergen was to furnish certain labor and materials in connection with a construction contract between Regan and the government. The oral agreement was to be formalized in a purchase order from Regan and an acceptance by Bergen. One provision of the oral agreement required Bergen to furnish the steel for two generator bays. When the purchase order arrived it made reference to accompanying drawings which showed that three generator bays were to be constructed rather than two. Bergen accepted the order without ascertaining from an examination of the drawings that it called for an increase in the performance required of it. In the present action Bergen seeks additional compensation for the steel involved in the third bay.

■■ We hold that Bergen is entitled to recover the additional compensation which it claims. The district court properly found that defendant subjected itself to liability for the increased amount when it changed the order from that provided by the original agreement without calling Bergen's attention to the change. Tokio Marine & Fire Ins. Co. v. National Union Fire Ins. Co., 91 F.2d 964 (2d Cir. 1937); Nash v. Kornblum, 12 N.Y.2d 42, 234 N.Y.S.2d 697, 186 N. E.2d 551 (1962).[1]

■■ Defendant argues that the district court should not have granted reformation on the basis of "a unilateral mistake on one side and deceptive conduct on the other side which tended to obscure the true agreement," see Nash v. Kornblum, supra, since Bergen's complaint alleged that Regan "surreptitiously substituted" the drawings, which is more suggestive of fraud. But the complaint also alleged that "Regan well knew * * * that Bergen did not know about the substantial changes in the drawings which Regan had supplied * * *, and Regan well knew that it had lulled Bergen

into the mistaken belief that the material called for by its [written] order and the material called for by its [telephoned] quotation were one and the same." This sufficed to put Regan on notice of the elements of Bergen's claim, and nothing in the record indicates that Regan was surprised when Bergen noted in its opening statement that this was "a situation in which the contract may or may not require reforming." There is of course no requirement that the plaintiff request in his complaint the specific relief which is eventually granted. F.R.Civ.P. 54(c).

No sufficient reason is advanced for disturbing the district court's rulings as to a claim by Bergen for additional work occasioned by architectural changes in the work as originally planned and as to a setoff claimed by Regan. These rulings find support in the evidence.

The judgment is affirmed.

---

1. The law of New York is applicable. See United States for the use and benefit of Shields, Inc. v. Citizens and Southern Nat'l Bank of Atlanta, Ga., 367 F.2d 473 (4th Cir. 1966); Aetna Casualty & Surety Co. v. B. B. B. Const. Corp., 173 F.2d 307, 308 (2d Cir. 1949).