**T M SYSTEMS, INC.**

v.

**UNITED STATES of America et al.**

**Civ. No. B–79–89.**

United States District Court,
D. Connecticut.

May 3, 1979.

Richard L. Albrecht, Cohen & Wolf, P. C., Bridgeport, Conn., for plaintiff.

Richard Blumenthal, U. S. Atty., Hugh W. Cuthbertson, Asst. U. S. Atty., New Haven, Conn., for defendants.

## MEMORANDUM OF DECISION

ELLEN B. BURNS, District Judge.

This action involves the award of a government contract for the procurement by the Federal Aviation Administration (FAA) of tone suppression amplifiers, de-

vices to protect air traffic controllers from being injured by occasional "tone explosions".

The factual setting alleged in the complaint and attached exhibits is simple. Plaintiff, T M Systems (hereafter T M), and several other bidders submitted proposals which were acceptable under the first step of the agency's two-step bidding process. When invited to submit cost proposals as the second step of the process, plaintiff and two others prepared bids. Plaintiff bid $632,661; Univox California, Inc. bid $810,-316; and Target Corp. bid $1,152,891. Unfortunately, a price line adjacent to item 10f was omitted on the Invitation for Bid form, and only Target Corp. supplied a price for that item.

When the bids were examined, the omission was discovered, and the FAA made a preliminary decision that both T M's and Univox's bids were responsive, although the FAA believed that Univox's case for responsiveness was stronger because Univox, unlike T M, had specifically offered to furnish the item in question in its first-step proposal, and therefore the FAA assumed that the item's cost was included in another price quote. Before making the award, the FAA requested an advisory opinion from the Comptroller General concerning the responsiveness of both the T M and the Univox bid. The Comptroller General advised that Univox's bid was responsive but that T M's was not, because T M, unlike Univox, failed to refer to the 10f item in its first-step proposal.

Plaintiff, believing that the FAA was about to award the contract to Univox on the basis of this decision, filed this action for an injunction restraining defendant from granting the award to anyone but T M. Plaintiff claims that the Comptroller General of the United States has acted in excess of his jurisdiction and authority in contradicting the findings of the FAA. Furthermore, plaintiff claims, the granting of the award to anyone but T M would be "in violation of the Regulations and Procedures governing Federal Agencies."

In response, the government argues that this Court lacks jurisdiction to consider a claim brought by an unsuccessful bidder for a review of an agency procurement decision and thus in this situation cannot issue an injunction concerning the award of a government contract. The court is persuaded by this argument and therefore dismisses the action for lack of jurisdiction.

■ Plaintiff alleges jurisdiction on several grounds, one of which is 28 U.S.C. § 1346 which gives the district court concurrent jurisdiction with the Court of Claims over claims against the United States not exceeding $10,000. This is not an action for damages, but, even if it were, plaintiff's claim (unless he claims only recovery of the costs of bid preparation, see Keco Industries, Inc. v. United States, 428 F.2d 1233, 1240, 192 Ct.Cl. 773 (1970), surely exceeds $10,000, and jurisdiction is thus not proper here.

■ Another jurisdictional basis claimed by plaintiff is 28 U.S.C. § 1361 which confers jurisdiction on the district court over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The enactment of this section did not create new liabilities or new causes of action against the United States government nor did it provide a forum for actions which could not have been brought against a federal official prior to its enactment. Craig v. Colburn, 414 F.Supp. 185 (D.Kan.1976). Its purpose was "not to direct or influence the exercise of discretion of the officer or agency in the making of the decision." Senate Report No. 1992, 1962 U.S.Code Cong. & Admin.News at 2784–85 (87th Cong., 2d Sess.). Rather, it was merely to broaden the venue in which mandamus actions against federal officers may be brought. Before enactment of § 1361 such actions could be brought only in the District of Columbia; now they may be brought in any district court.

In order to bring an action under this section, plaintiff must show that defendant owed a duty to plaintiff. Plaintiff must

show it has a clear right to the relief sought, that the duty on defendant's part is peremptory and ministerial and that plaintiff lacks another available adequate remedy. *Billiteri v. United States Bd. of Parole*, 541 F.2d 938 (2d Cir. 1976). Since defendant's decisions as to the responsiveness of particular bids and as to who will receive the award are clearly discretionary, plaintiff has failed to make a showing of a duty owed to it sufficient to support jurisdiction under 28 U.S.C. § 1361.

■ Plaintiff's third jurisdictional claim is that jurisdiction is granted by the Administrative Procedure Act, (APA) 5 U.S.C. § 701 *et seq.* While plaintiff cites no particular section in his complaint, his memorandum looks to § 10 of the APA (5 U.S.C. § 702) which provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." This section has been held to confer standing on a disappointed bidder, *Scanwell Laboratories, Inc. v. Shaffer*, 137 U.S.App.D.C. 371, 424 F.2d 859 (1970), but in *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Court specifically held that "the APA is not to be interpreted as an implied grant of subject matter jurisdiction to review agency actions." Thus, the APA may confer standing, but this court must look elsewhere for jurisdiction to entertain the disappointed bidder's claim. *Cf. T. M. Systems, Inc. v. "Richard Roe"*, No. B–76–102 (D.Conn. Jan. 3, 1978).

■ A fourth basis for jurisdiction claimed here is 28 U.S.C. § 1332, the diversity section. Plaintiff is a Delaware corporation with a principal place of business in Connecticut. Hence, for diversity purposes, it is a citizen of either Delaware or Connecticut, 28 U.S.C. § 1332(c). Defendant Caudill is being sued in his official capacity as contracting officer of the FAA, and in this capacity he is a citizen of the District of Columbia, *Honchok v. Hardin*, 326 F.Supp. 988 (D.Md.1971). Defendant United States, however, is not a citizen of any state within the meaning of diversity jurisdiction. *Darling v. United States*, 352 F.Supp. 565 (E.D.Cal.1972); *cf. Central Stikstof Verkoopkantoor, N. V. v. Alabama State Docks Dept.*, 415 F.2d 452 (5th Cir. 1969) and *West Virginia v. Haynes*, 348 F.Supp. 1374 (S.D.W.Va.1972) to the same effect regarding states. Thus, diversity is destroyed unless the United States is not an indispensable party to this suit. *Levitt & Sons, Inc. v. Swirnow*, 58 F.R.D. 524 (D.Md. 1973); *Codagnone v. Perrin*, 351 F.Supp. 1126 (D.R.I.1972).

It need not be determined whether the United States is an indispensable party, however, because another factor bars jurisdiction based on § 1332. In an ordinary diversity case, jurisdiction is proper in a federal district court only if a court in the state where the federal court sits would have asserted jurisdiction over the case under constitutionally valid state legislation. *Arrowsmith v. United Press Int'l*, 320 F.2d 219 (2d Cir.1963). Since the defendant contracting officer is sued in his official capacity, he may only be served where he officially resides unless he has appointed an agent for service of process elsewhere. Plaintiff has cited no statute, state or federal, which subjects defendant Caudill to service of the process of the Connecticut courts. Extensive independent research by this Court has also failed to locate such a statute. It is apparent, then, that this action could not be maintained in the Connecticut courts and thus that jurisdiction is not proper here. This conclusion is bolstered by the grave constitutional doubt concerning whether a state court has the power to enjoin the actions of a federal official, *see* the extensive analysis of this problem in *Pennsylvania Turnpike Commission v. McGinnes*, 179 F.Supp. 578 (E.D.Pa.1959), *aff'd* 278 F.2d 330 (3rd Cir. 1960); *see also* Byse & Fiocca, *Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action*, 81 Harv.L.Rev. 308, 325 (1967).

■ A fifth jurisdictional claim made by plaintiff is jurisdiction based on the federal procurement regulations. But

plaintiff points to no section of these regulations which confers jurisdiction on a district court to consider matters arising under them. This claim, however, is closely related to plaintiff's sixth jurisdictional claim which is that 28 U.S.C. § 1331 allows this court to act. Section 1331 confers jurisdiction over a suit against the United States when the matter in controversy arises under the Constitution or laws of the United States.

In *Califano v. Sanders*, 430 U.S. 99, 105, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Supreme Court observed that, while the APA is not an implied grant of subject matter jurisdiction to review agency action, nevertheless such jurisdiction is conferred on federal courts by 28 U.S.C. § 1331.

This court is of the opinion that the Supreme Court's statement that § 1331 is a grant of jurisdiction to review agency action does not automatically provide for review of *all* agency action. To view the statement otherwise would be to characterize it as a sweeping waiver, in *dicta*, of sovereign immunity in any matter regarding agency action. This court is not persuaded that such was the intention of the Supreme Court. The better view appears to be that where the matter in issue involves a question arising under the Constitution, laws or treaties of the United States, and the question concerns agency action, then § 1331 confers jurisdiction for the federal court to review the action, assuming the matter is an actual case or controversy and is ripe for review, and assuming also that the claimant has sufficient interest, or standing, to bring the claim.

The Supreme Court "has repeatedly held that, in order for a claim to arise 'under the Constitution, laws, or treaties of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of

the plaintiff's cause of action. [citation omitted]." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974).[1] The procurement regulations of the United States have the force of law, *Paul v. United States*, 371 U.S. 245, 255, 83 S.Ct. 426, 9 L.Ed.2d 292 (1963). Thus, if there is to be a federal question here, it must arise either under these regulations or the APA.

Plaintiff cites, and the Court finds, no regulation which could be construed to grant a right in the disappointed bidder to be awarded a contract which was improperly awarded in the first instance. Similarly, the court reads *Califano*'s holding that § 10 of the APA does not grant subject matter jurisdiction as implying that § 10 also does not grant to the disappointed bidder any right to the improperly awarded contract. *Scanwell, supra*, is not to the contrary. The court there, while holding that the disappointed bidder had standing to challenge agency action, recognized that the bidder had no right to the contract in the event the original award was found illegal. 424 F.2d at 864. Apparently the *Scanwell* court found nothing in the APA or the procurement regulations to confer a right or immunity on the bidder which would be sufficient to meet the Supreme Court's time-honored test for finding a federal question. This court agrees.

The court in *Scanwell*, paraphrasing *Flast v. Cohen*, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), observes that "even though a party may have standing, the courts will sometimes be forced to decline to pass on his request for review because the subject matter is not properly reviewable." 424 F.2d at 872. In light of *Califano* and in light of the absence of a right or immunity arising under a federal law, this court holds the instant matter is such a case; that the fact situation here does not

1. The right or immunity alone, however, is not sufficient to support a finding of jurisdiction under 28 U.S.C. § 1331. We need not reach the issue in this discussion because here the right is not present. If a right were found, however, it would have to be such that it would be supported if the Constitution or laws of the

United States were given one construction or effect, and defeated if they were given another. Only then would a federal question within the meaning of § 1331 be presented. *See, e. g., Gully v. First Nat'l Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

 

involve a federal question and that 28 U.S.C. § 1331 is not applicable.

Accordingly, this action is dismissed for lack of subject matter jurisdiction.

SO ORDERED.