## CLAIRE MANUFACTURING CO.

### v.

## INTERNATIONAL LADIES GARMENT WORKERS' UNION.

### Civ. No. HM87–1387.

United States District Court,
D. Maryland.

July 15, 1987.

N. Peter Lareau and Ronald W. Taylor and Venable, Baetjer & Howard, Baltimore, Md., Charles H. Hollis and Kullman, Inman, Bee & Downing, New Orleans, La., for plaintiff.

Bernard W. Rubenstein and Nancy A. Donahue and Abato, Rubenstein & Abato, Lutherville, Md., for defendant.

## MEMORANDUM

HERBERT F. MURRAY, District Judge.

Plaintiff Claire Manufacturing Company ("Company"), purchaser of Claire Frock Company, initiated the instant action when defendant International Ladies Garment Workers Union ("Union") attempted to compel arbitration under the arbitration clause of its collective bargaining agreement with Claire Frock Company. Plaintiff's purchase of Claire Frock took effect on January 1, 1987. The new Company retained all of the workers in the factory, but set new wage rates and working conditions. The changes included a 12% pay cut, the elimination of medical benefits, the pension plan and two holidays, and the elimination of vacation time until announcement of a new vacation plan. Virtually all employees returned to work on January 5, 1987. Defendant Union filed a grievance over Company's failure to accept the terms of the collective bargaining agreement established between the prior owners and the Union. Plaintiff returned the grievance with the statement that it was not bound by the agreement. After unsuccessful negotiations between Company and Union to establish a new collective bargaining agreement, the workers struck the factory on April 6, 1987, a strike that still continues.

Immediately prior to the strike, defendant applied for arbitration pursuant to the arbitration clause of the collective bargaining agreement, and in front of the arbitrator selected pursuant to that clause. Plaintiff does not want to submit to arbitration, and brought the instant action requesting the court for a declaratory judgment that it is not bound by the prior collective bargaining agreement, and to permanently enjoin the scheduled arbitration. Pending before the court is Company's motion for a preliminary injunction. The court held a hearing commencing at 10:00 A.M. on June 22, 1987. The court has considered the arguments advanced at the hearing and in the memoranda submitted by the parties and has determined that it will deny plaintiff's motion for preliminary injunction, and will *sua sponte* dismiss the action for lack of subject matter jurisdiction. The court's reasoning follows.

## SUBJECT MATTER JURISDICTION

Defendant argues that the court lacks subject matter jurisdiction to grant the re-

lief that plaintiff requests. Plaintiff alleges jurisdiction under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185; federal question jurisdiction, 28 U.S.C. 1331; jurisdiction arising under Acts of Congress regulating commerce, 28 U.S.C. 1337; and diversity jurisdiction, 28 U.S.C. Section 1332. Plaintiff alleges no cause of action other than its Section 301-claim.

■ The court agrees with defendant. The Fourth Circuit, relying on the language of the statute, has ruled that federal courts do not have subject matter jurisdiction when an employer challenges the validity of a collective bargaining agreement under 29 U.S.C. Section 185. *Massey Coal Company v. UMW*, 799 F.2d 142, 146 (4th Cir.1986); *accord NKD Corp. v. Local 1550*, 709 F.2d 491, 493 (7th Cir.1983); *Hernandez v. National Packing Co.*, 455 F.2d 1252, 1253 (1st Cir.1972); *John S. Griffith Construction Co. v. Southern California Cement Masons*, 607 F.Supp. 809, 812, 119 LRRM 2246 (C.D.Cal.1984). Section 301 reads, in relevant part

> (a) Suits for violations of contracts between an employer and a labor organization representing employees ... may be brought in any district court of the United States having jurisdiction of the parties ...

The *Massey* court's reasoning, in a case in which the plaintiff employer had also requested a declaratory judgment that it was not bound by a collective bargaining agreement, was that the language of the statute grants jurisdiction for suits only when breaches of a valid bargaining agreement are alleged. Plaintiff asserts that the *Massey* decision is incorrect. Regardless of the validity of that assertion, the court is bound by the decision. Plaintiff then attempts to create jurisdiction by the use of other statutes.

Neither Section 1331 nor 1337 provide any independent basis for jurisdiction. When, as in the instant case, a federal court cannot retain jurisdiction under LMRA, no federal question arises which would allow jurisdiction under Section 1331. *Smith v. United Mine Workers of America*, 493 F.2d 1241, 1244 (10th Cir. 1974). Also, the court cannot retain jurisdiction on the basis that the case arises under an Act of Congress affecting commerce. *Loss v. Blankenship*, 673 F.2d 942, 945 n. 2 (7th Cir.1982).

■ As to diversity jurisdiction, federal courts cannot maintain jurisdiction when a claim could not be brought in state court. *American Indian National Bank v. Red Owl*, 478 F.Supp. 302, 305 (D.S.D.1979); *TM Systems, Inc. v. United States*, 473 F.Supp. 481, 485 (D.Conn.1979); *see also Sasso v. Koehler*, 445 F.Supp. 762, 765 (D.Md.1978) (if claim barred by statute of limitations in state court, cannot be brought in federal court). The court must therefore examine whether a state court would have jurisdiction to hear this case.

The Supreme Court has ruled that Section 301 grants jurisdiction to federal courts to hear certain types of cases, and that that grant extends concurrently to state courts. *Dowd Box Co. v. Courtney*, 368 U.S. 502, 506, 82 S.Ct. 519, 522, 7 L.Ed.2d 483 (1962). As the Fourth Circuit has held that the language of the statute does not extend that grant to the type of action plaintiff attempts to bring, the court finds that a state court would be as incapable as would a federal court of exercising jurisdiction over this action. Unlike the plaintiff in *Loss, supra*, 673 F.2d 942, Company raises no other claim founded on state law or other federal law. The court may not retain diversity jurisdiction.

The court will enter a separate order, denying the motion of Claire Manufacturing Company for a preliminary injunction and dismissing case Civil No. HM87–1387 for lack of subject matter jurisdiction.