**GENERAL RAILWAY SIGNAL COMPA-NY, A Unit of General Signal Corporation, a New York corporation, Plaintiff,**

v.

**James P. CORCORAN, Superintendent of Insurance of the State of New York, as Liquidator for American Fidelity Fire Insurance Company, and Susan S. Engeleiter, Administrator of the United States Small Business Administration, Defendants.**

No. 89 C 9360.

United States District Court,
N.D. Illinois, E.D.

March 21, 1990.

Martin M. Ruken, Stuart D. Kenney, Allan Lapidus, Vedder Price Kaufman & Kammholz, Chicago, Ill., for plaintiff.

Linda A. Wawzenski, Asst. U.S. Atty., for defendants.

William I. Goldberg, Lori A. Goldstein, Michael A. Berman, Holleb & Coff, Chicago, Ill., for Corcoran.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This is an interpleader action filed on December 19, 1989, pursuant to 28 U.S.C. § 1335. Plaintiff General Railway Signal Company ("General Railway") alleges that as a result of proceedings in Illinois state courts it is liable to the New York Superintendent of Insurance ("the Superintendent") for $1,068,785.35 as of December 13, 1989. General Railway also alleges that the United States Small Business Administration ("SBA") has notified General Railway that it is asserting a claim over the judgment. Accordingly, General Railway posted a bond for $1,070,000 with the clerk of this Court and filed an interpleader action requesting that the Court resolve the competing claims to the judgment and naming as claimants the Superintendent and the Administrator of the SBA ("the Administrator"). On December 19, 1990, the Court entered an *ex parte* temporary restraining order enjoining the Superintendent from attempting to collect on the judgment. Pending are (1) the Superintendent's motion to dismiss the interpleader complaint; and (2) the Superintendent's motion to vacate the temporary restraining order and require that the full amount of the judgment, rather than a bond for that amount, be posted. For the reasons described below, both of the Superintendent's motions are denied.

### II. MOTION TO DISMISS

The Superintendent raises several grounds in support of his motion to dismiss the interpleader complaint. First, he argues that the Court does not have jurisdiction because there is no diversity of citizenship. 28 U.S.C. § 1335(a)(1) requires, for subject matter jurisdiction, that there be at least two adverse claimants of diverse citizenship as defined in 28 U.S.C. § 1332. The Superintendent argues that the United States is not a citizen of any state, and that diversity jurisdiction is therefore lacking.

▮ It is true that the United States is not a citizen of any state for jurisdictional purposes. *Lummis v. White*, 629 F.2d 397, 402 (5th Cir.1980), *rev'd on other grounds*, 457 U.S. 85, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Kent v. Northern Calif. Regional Office*, 497 F.2d 1325, 1327 (9th Cir.1974); *Eastern Indemnity Co. of Maryland v. J.D. Conti Electric Co.*, 573 F.Supp. 1036, 1039 (E.D.Va.1983); *T M Systems, Inc. v. United States*, 473 F.Supp. 481 (D.Conn. 1979). It is also true that because of this, there is no jurisdiction for a statutory interpleader action where there are two claimants, one of which is the United States. *Kent*, 497 F.2d at 1327; *United States v. Dry Dock Savings Institution*, 149 F.2d 917, 918 (2d Cir.1945); *First Nat'l Bank of Brownsville v. United States*, 172 F.Supp. 757, 758 (S.D.Tex.1959). However, the United States is not a claimant in this action; the Administrator is.[1] Where an agent of the United States is sued in her official capacity, she is considered to be a citizen of the state in which her agency is located. *Trans–Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370, 376 (D.C. Cir.1976); *Garden Homes v. Mason*, 249 F.2d 71, 73 (1st Cir.1957), *cert. denied*, 356 U.S. 903, 78 S.Ct. 562, 2 L.Ed.2d 580 (1958); *T M Systems*, 473 F.Supp. at 485. Because the Small Business Association is located in Washington, D.C., the Administrator is considered a citizen of the District of Columbia for purposes of this case. Because the Superintendent is a citizen of New York, the diversity requirement is satisfied. *Cf. Emmco Ins. Co. v. Frankford Trust Co.*, 352 F.Supp. 130 (E.D.Pa.1972) (FHA was citizen of District of Columbia and was diverse with claimant in Rule 22 interplead-

---

1. The Administrator, rather than the SBA or the United States, is named as a claimant pursuant to 15 U.S.C. § 634(b), which provides that "the *Administrator* may sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy." (Emphasis added.) This statute serves to waive sovereign immunity in cases against the Administrator. *Expedient Services, Inc. v. Weaver*, 614 F.2d 56, 57 (5th Cir.1980).

er action). Indeed, numerous other statutory interpleader actions have involved claims by the SBA, although the courts generally have not found it necessary to even discuss the diversity jurisdiction issue. *See, e.g., CLIC & Co. v. Goldfarb,* 838 F.2d 32 (1st Cir.1988); *Smith v. Widman Trucking & Excavating Co.,* 627 F.2d 792 (7th Cir.1980); *Aetna Ins. Co. v. Texas Thermal Industries, Inc.,* 591 F.2d 1035 (5th Cir.1979).

The Superintendent raises four further arguments, which the Court will consider together. These arguments are (1) that the lawsuit violates a liquidation order entered by a New York state court enjoining all persons from bringing suit against the Superintendent; (2) that General Railway has breached an agreement to pay the judgment owed to the Superintendent; (3) that the SBA claim "smacks of collusion," and may have been invited by General Railway; and (4) that the SBA does not have a valid claim against Railway.

The first stage in an interpleader action is to determine whether the prerequisites to interpleader have been met, and the second stage is the determination, generally by summary judgment motion or trial, of the respective rights of the claimants. 7 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1714 at 581–85 (2d ed. 1986). This action is in the first stage, and the Superintendent's motion is directed toward's the sufficiency of the stakeholder's interpleader complaint. The Court has already considered whether the claimants have diversity of citizenship, and in Part III, *infra,* the Court considers the sufficiency of the bond. Although the Superintendent does not present them in terms of jurisdiction, the four remaining arguments in support of his motion to dismiss apparently concern the further jurisdictional requirement that the stakeholder has "a real and reasonable fear of double liability or

vexatious, conflicting claims." *Indianapolis Colts v. Mayor and City Council,* 741 F.2d 954, 957 (7th Cir.1984), *cert. denied,* 470 U.S. 1052, 105 S.Ct. 1753, 84 L.Ed.2d 817 (1985). However, none of the arguments is inconsistent with General Railway's allegations that it is subject to conflicting claims from the Superintendent and the SBA, and that it owes the money to one, but not both, of these claimants. Rather, they all address the question of whether the judgment should be paid to the Superintendent.[2] The purpose of the interpleader action is to resolve precisely that issue. The Superintendent's arguments are simply premature. To the extent any of the Superintendent's arguments tend to show that he, rather than the SBA, is entitled to the money, those arguments may be raised at the next stage of this lawsuit.

The Superintendent relies on *Indianapolis Colts, supra,* and *John Hancock Mutual Life Ins. Co. v. Beardslee,* 216 F.2d 457 (7th Cir.1954), *cert. denied,* 348 U.S. 964, 75 S.Ct. 523, 99 L.Ed. 751 (1955), in support of his argument that because the SBA has no right to the judgment, an interpleader action does not lie. In *John Hancock,* it was clear from a letter written by one of the claimants to the stakeholder that that claimant was not making a claim to the proceeds. In *Indianapolis Colts,* one of the claimants had entered into a contract with the stakeholder providing that if the other claimant prevailed in its separate lawsuit against the stakeholder, the stakeholder had the option of terminating the contract. 741 F.2d at 958. In other words, the first claimant had "plainly relinquished any claim to recover against the [stakeholder] for a loss due to the [other claimant's lawsuit]." *Id.* at 958 n. 3. Both of those cases differ from the case at hand in that it was clear that one claimant, by its own statement, was not asserting a legal claim.

---

2. With respect to the "collusion" argument, the Superintendent argues (in one paragraph, devoid of legal authority) that "General Railway invited the SBA to send its letter and does not face any real claim from the SBA." (Motion at 5.) The alleged invitation of the claim is distinct from the issue of whether the claim is "real." If the claim is valid, the fact that it may have been invited does not defeat it; and if the claim is invalid, it is invalid regardless of whether it was invited. Whether the claim is valid concerns the merits; at this stage, the Court is concerned only with whether the SBA actually has made a claim, and the Superintendent does not contend otherwise.

The Court was not required to delve into the merits of the dispute in order to determine that the stakeholder was not subject to conflicting claims. *See Indianapolis Colts*, 741 F.2d at 958 n. 3 (court was "not expressing here an opinion on the likelihood of success of any action" brought by the first claimant). In this case, the Superintendent does request the Court to consider the merits of the case. Accordingly, his arguments do not address the validity of the interpleader action, and their resolution is not appropriate at this time.

### III. TEMPORARY RESTRAINING ORDER AND BOND

In support of his request that the temporary restraining order be vacated, the Superintendent asserts that General Railway has delayed paying the amount owed and that collection procedures should be allowed to proceed. This argument fails to recognize the purposes of an interpleader action. As the case stands before the Court, the Court does not know who is entitled to the money; it only knows that there are two competing claims. To accept the Superintendent's argument would require an assumption that the Superintendent's claim must prevail over that of the Small Business Administration. Such an assumption would be premature; that is the issue which must be resolved as a result of this action.

With respect to his request that General Railway be required to post the full amount of the judgment with the clerk, the Superintendent points out that the interpleader statute originally required the full amount to be posted. It was later amended to allow a bond to be posted in lieu of the full amount, because some types of property which were properly subject to interpleader actions could not practicably be deposited with the Court. *See* S.Rep. No. 558, 74th Cong., 1st Sess. 6 (1935). *See also Kitzer v. Phalen Park State Bank*, 379 F.2d 650, 651 (8th Cir.1967); *Aetna Casualty & Surety Co. v. B.B.B. Construction Corp.*, 173 F.2d 307 (2d Cir.), *cert. denied*, 337 U.S. 917, 69 S.Ct. 1158, 93 L.Ed. 1726 (1949); *Edner v. Massachusetts Mutual Life Ins. Co.*, 138 F.2d 327, 328 (3d Cir.1943); 3A *Moore's Federal Practice* ¶ 22.10 at 22–91 (2d ed. 1989). From this premise, the Superintendent concludes that a bond may be deposited only in those instances where the type of property involved makes deposit of the property itself impractical.

The Court does not find the Superintendent's conclusion to be warranted. The fact that the statute was amended in contemplation of certain circumstances does not establish that the amendment is limited to those circumstances. Furthermore, the language of the statute itself contains no such restriction. Thus one of the jurisdictional prerequisites is that:

> the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper....

28 U.S.C. § 1335(a)(2). Finally, other courts have not read such a restriction into the statute, but rather have allowed the posting of a bond where the stake at issue is an amount of money. *See In re Sinking of M/V Ukola*, 806 F.2d 1 (1st Cir.1986); *Amoco Transport Co. v. Dietze, Inc.*, 582 F.Supp. 804 (S.D.N.Y.1984); *Equifax, Inc. v. Luster*, 463 F.Supp. 352 (E.D.Ark.1978), *aff'd*, 604 F.2d 31 (8th Cir.1979), *cert. denied*, 445 U.S. 916, 100 S.Ct. 1276, 63 L.Ed.2d 600 (1980); *Aetna Casualty & Surety Co. v. Schmitt*, 441 F.Supp. 440, 443 (N.D.Cal.1977); *B.B.B. Construction, supra*, 173 F.2d 307. The Court concludes that the posting of a bond is sufficient to meet the deposit requirement of the interpleader statute even where a monetary amount is at issue.

### IV. CONCLUSION

The Superintendent's motion to dismiss and motion to vacate the temporary re-

 

straining order and require deposit of cash are denied.