**GENERAL RAILWAY SIGNAL COMPANY, A UNIT OF GENERAL SIGNAL CORPORATION, a New York corporation, Plaintiff,**

v.

**James P. CORCORAN, Superintendent of Insurance of the State of New York, as Liquidator for American Fidelity Fire Insurance Company, and Susan S. Engeleiter, Administrator of the United States Small Business Administration, Defendants.**

**No. 89 C 9360.**

United States District Court, N.D. Illinois, E.D.

Jan. 25, 1991.

Allan E. Lapidus, Martin M. Ruken, Stuart D. Kenney, Vedder, Price Kaufman & Kammholz, Chicago, Ill., for General Ry. Signal Co.

John Hester Ward, Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., Chicago, Ill., for Antonow & Fink.

William I. Goldberg, Lori Ann Goldstein, Michael Aaron Berman, Holleb & Coff, Chicago, Ill., for James P. Corcoran.

Linda A. Wawzenski, U.S. Attorney's Office, Chicago, Ill., for Susan S. Engeleiter.

## MEMORANDUM OPINION AND ORDER

ROVNER, District Judge.

### I. INTRODUCTION

This is an interpleader action involving rights to the proceeds of a state court judgment obtained against the stakeholder, General Railway Signal Company ("General Railway"), by American Fidelity Fire Insurance Company ("AFFI"). AFFI now is in liquidation ⸱and is represented ˙by James P. Corcoran, the Superintendent of Insurance of the State of New York (the "Superintendent"). The claimants named in plaintiff's original complaint were the Superintendent and the United States Small Business Administration ("SBA"). In its opinion of October 1, 1990, the Court granted the motion of Antonow & Fink, a Chicago law firm, to intervene as a third defendant and claimant to the proceeds of the state court judgment. *See General Railway Signal Co. v. Corcoran,* 748 F.Supp. 639, 647-48 (N.D.Ill.1990).

This interpleader action was originally brought pursuant to 28 U.S.C. § 1335, which provides the Court with jurisdiction over interpleader cases in which at least two claimants are of diverse citizenship. 28 U.S.C. § 1335(a)(1). On December 19, 1989, the Court granted General Railway's motion for a temporary restraining order pursuant to 28 U.S.C. § 2361 and enjoined the Superintendent from attempting to collect the Illinois judgment.

On March 21, 1990, the Court denied the Superintendent's motion to dismiss the case on the basis that the requirements of diversity jurisdiction were not satisfied. *General Railway Signal Co. v. Corcoran,* 735 F.Supp. 265 (N.D.Ill.1990). The Court found that the SBA was a citizen of the District of Columbia and that, therefore, diversity jurisdiction existed pursuant to 28 U.S.C. § 1335.

The Superintendent subsequently moved to dismiss on another theory—that diversity of citizenship was lacking because the Superintendent, as an official of the State of New York, was not a citizen of New York that could be sued in diversity. The

Superintendent further argued that he was immune from suit because he represented the interests of the State of New York itself. Finally, the Superintendent also moved for summary judgment on the ground of abstention, arguing that the Court should abstain from the present interpleader action in deference to the liquidation proceedings in New York. The Court rejected these arguments on October 1, 1990, denying the Superintendent's motion to dismiss and his motion for summary judgment. *General Railway*, 748 F.Supp. 639 (N.D.Ill.1990).

The Superintendent filed an interlocutory appeal of the Court's March 21 order which found that the diversity of citizenship requirement of 28 U.S.C. § 1335 had been satisfied. The Seventh Circuit issued its ruling in that appeal on January 3, 1991. *General Railway Signal Co. v. Corcoran*, 921 F.2d 700 (7th Cir.1991). The Court of Appeals reversed this Court and held that the SBA was not a citizen of any state, and that, accordingly, this Court lacked diversity jurisdiction pursuant to 28 U.S.C. § 1335. *Id.* at 702–03. The Court of Appeals did find, however, that this Court has jurisdiction pursuant to 15 U.S.C. § 634(b)(1), which creates specific federal question jurisdiction over contract claims against the SBA. *Id.* at 705.[1]

Because the Court of Appeals held that this Court has jurisdiction pursuant to 15 U.S.C. § 634(b)(1) and because this Court currently finds that it again has diversity jurisdiction pursuant to 28 U.S.C. § 1335 after the intervention of Antonow & Fink, this case theoretically can proceed. Indeed, the issues which the Court of Appeals proceeded to determine were apparently moot when the case was appealed in

light of Antonow & Fink's presence in the case. In the course of its opinion, however, the Court of Appeals also discussed at some length the abstention issue which this Court had decided in its October 1, 1990 opinion. The Court of Appeals' discussion of that issue caused this Court to reconsider on its own motion the Superintendent's motion for summary judgment on the grounds of abstention. It is the abstention issue which is currently before the Court.

## II. ANALYSIS

This Court is somewhat perplexed by the Court of Appeals' discussion of the abstention issue. The Court of Appeals emphasized that abstention involves factual determinations which it was not in a position to make based upon the appellate record, and that it therefore would not rule on abstention. For example, the Court of Appeals stated that the abstention issue "necessitates a fact-specific inquiry" and that the Court did "not have the benefit of facts or briefs which might allow it to come to a reasoned decision on the abstention issue." *General Railway*, 921 F.2d at 708–09, 707. However, the Court of Appeals then proceeded to clearly indicate that this Court should abstain. Accordingly, in view of its duty to follow the law of this Circuit, this Court has no choice but to vacate that portion of its October 1, 1990 opinion which addresses the abstention issue and to dismiss the case on the ground of abstention.

In its October 1, 1990 opinion, this Court found that abstention was inappropriate because: (1) the case involved an issue of federal law, (2) the interpleader action in this Court had little if any effect on the state liquidation proceedings, and (3) the Court was uncertain whether any other

---

1. In discussing the jurisdictional issue, the Court of Appeals did not mention that subsequent to its March 21, 1990 opinion, this Court had granted the motion to intervene of a third claimant, the law firm of Antonow & Fink. *See General Railway*, 748 F.Supp. at 647–48. Once Antonow & Fink's motion to intervene was allowed, the minimal diversity requirement of § 1335 again was satisfied because Antonow & Fink is a citizen of the State of Illinois. Moreover, even before the Court had permitted the intervention of Antonow & Fink, General Rail-

way had amended its complaint to name Antonow & Fink as a third claimant to the proceeds of the state court judgment. Accordingly, minimal diversity presently exists between the parties.

Moreover, although the Court of Appeals held that the SBA is not a citizen of any state for diversity purposes, it agreed with this Court that the Superintendent is a citizen of the State of New York who can be sued in diversity. *General Railway*, 921 F.2d at 705 n. 3.

forum could adequately protect the rights of all parties. *General Railway*, 748 F.Supp. at 646. This Court noted that although any of the above factors, taken alone, may be insufficient to compel the exercise of federal jurisdiction, "their combination in one case makes abstention inappropriate." *Id.*

With respect to the first factor set out above, the Court of Appeals stated that "[t]his case involves questions of contract interpretation which are governed by state law." *General Railway*, 921 F.2d at 709. Although the Court of Appeals recognized that federal issues may also be involved, it noted that "a federal court may abstain even from a case posing mixed federal and state law issues." *Id.* Although the Court of Appeals purported to "leave it to the district court to weigh the relative importance of federal and state law issues in this interpleader action" (*id.* at 709), this Court had already performed that weighing in its October 1, 1990 opinion. The Court of Appeals was aware of that fact because it cited to this Court's opinion in its own opinion. *Id.* at 707–08. Thus, the Court can only infer from the Court of Appeals' comments that it disagrees with the result of the weighing process conducted by this Court.

With respect to the second factor, the extent of the intrusion on the state liquidation proceedings, the Court of Appeals recognized that "one could argue [as this Court had held] that a federal court action in which the bankrupt insurer is interpled is less intrusive on the state liquidation proceedings than a direct claim against the assets of the insurer" because an interpleader action "does not involve taking an existing asset of the insurer." *Id.* at 709. The Court of Appeals indicated, however, that it disagreed with this theory. Specifically, the Court of Appeals doubted whether "any distinction between existing assets

of the insurance company, over which litigation must be carried out in a state-created liquidation process, and possible claims of the company to assets in the hands of others, over which litigation can proceed in any federal district court, can be supported." *Id.*

Moreover, the Court of Appeals held that this case presents an even "stronger rationale for abstention" because of the possibility that the SBA would be entitled to the fund only after it becomes an asset of the insurer—an argument which this Court had rejected in its October 1, 1990 opinion. *Id.* at 709–10; *see also General Railway*, 748 F.Supp. at 648–49. The Court of Appeals emphasized that there is "a comprehensive New York state scheme for insurance regulation and liquidation" (*General Railway*, 921 F.2d at 708), that this litigation "arguably threatens to frustrate the Superintendent's efforts to collect the assets of the now-bankrupt insurance company" (*id.*), and that "[t]o deprive the Superintendent of the power to have his claims against others litigated in the New York liquidation proceeding would prevent the Superintendent from executing half of his job." *Id.* at 709. It is clear, therefore, that the Court of Appeals disagreed with the second factor relied upon by this Court and that it in fact believed that the present interpleader action interfered with the New York liquidation proceeding.[2]

In light of the Court of Appeals' express disagreement with the majority of this Court's reasoning in refusing to abstain, the Court now finds that it must abstain. As the Court of Appeals noted, this Court may "choose either to dismiss the case outright or stay the federal proceeding so as to preserve the court's ability to resolve any federal law issues which are not addressed by the state court." *Id.* at 710. At this stage, the Court sees no purpose in retaining jurisdiction. If federal issues

---

**2.** The Court of Appeals did not directly address the third factor relied upon by this Court—the uncertainty over whether any other forum could adequately protect the rights of all parties. The Court of Appeals did state that "[t]he Superintendent has never alleged that the SBA is not entitled to any portion of the recovery" and that

"[t]he SBA, for its part, apparently has no objection to a state court forum." *Id.* at 710. However, the Superintendent has consistently been unwilling to agree that in the state liquidation proceedings the SBA would have the benefit of the federal priority statute. *See* 31 U.S.C. § 3713.

arise which are not resolved by the state court, a new action may be brought. The case shall be dismissed on the ground of abstention.

### III.   CONCLUSION

The Court, having reconsidered on its own motion the Superintendent's motion for summary judgment on the grounds of abstention, grants the Superintendent's motion for the reasons set forth above. This Court will abstain. Accordingly, the case will be dismissed without prejudice.