969 F.2d 519
 GENERAL RAILWAY SIGNAL COMPANY, a Unit of General Signal
Corporation, a New York corporation, Plaintiff,
v.
Susan S. ENGELEITER, Administrator of the United States
Small Business Administration, Defendant-Appellant,
and
James P. Corcoran, Superintendent of Insurance of the State
of New York, as Liquidator for American Fidelity
Fire Insurance Company, Defendant-Appellee.
 No. 91-1378.
 United States Court of Appeals,
Seventh Circuit.
 Argued Jan. 23, 1992.
Decided July 30, 1992.
 
 Martin M. Ruken, Allan E. Lapidus, Stuart D. Kenney, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for plaintiff.
 Linda A. Wawzenski, Asst. U.S. Atty., Fred Foreman, U.S. Atty., Office of U.S. Atty., Crim. Div., Chicago, Ill., Barbara C. Biddle, Constance Wynn (argued), Dept. of Justice, Civ. Div., Appellate Section, Washington, D.C., for defendant-appellant.
 Lori A. Goldstein, William I. Goldberg (argued), Michael A. Berman, Holleb & Coff, Chicago, Ill., for defendant-appellee.
 Before COFFEY, FLAUM, and RIPPLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case has been before the court before. See General Ry. Signal Co. v. Corcoran, 921 F.2d 700 (7th Cir.1991). In our earlier opinion, we set forth in detail the underlying facts. Id. at 702. In that decision, we determined certain jurisdictional issues. We also commented at some length upon the propriety of the district court's abstaining pursuant to the doctrine established by the Supreme Court in Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). The district court interpreted this commentary in our earlier opinion as having foreclosed any further consideration of the matter of Burford abstention. Specifically, it stated that, with respect to the relative importance of federal and state law issues, it could "only infer ..." that we disagreed "with the result of the weighing process conducted by this Court." General Ry. Signal Co. v. Corcoran, 757 F.Supp. 911, 914 (N.D.Ill.1991). The district court was also of the view that we had disagreed definitively with its estimation that the present action would not interfere unduly with the New York liquidation proceeding. Id. Because it read our earlier opinion as "express disagreement with the majority of this Court's reasoning in refusing to abstain," id., it believed that it was under a "duty to follow the law of this Circuit," id. at 913. The district court misapprehended the impact of our remarks. Accordingly, we must vacate its judgment and remand for further proceedings.
 
 
 2
 In our earlier opinion, after concluding the discussion of the jurisdictional issue before us, we addressed the matter of Burford abstention which had been decided by the district court during the pendency of the earlier appeal. See General Ry. Signal Co. v. Corcoran, 748 F.Supp. 639 (N.D.Ill.1990). We began our discussion by noting:
 
 
 3
 [w]e do not comment on the correctness of the district court's denial of the Superintendent's motion. This Court does not have the benefit of facts or briefs which might allow it to come to a reasoned decision on the abstention issue. However, the facts in the record on appeal raise some questions which we believe relevant to the appropriateness of abstention. We discuss them here so that they may be addressed on remand.
 
 
 4
 General Ry. Signal Co., 921 F.2d at 707. Furthermore, we acknowledged that the abstention issue was not before us in any formal sense and had not been briefed by the parties.[1] We also noted that the "district court [was] in a better position ... to assess the relevancy of these factors," id. at 709, and we specifically declined to deal with the issue sua sponte "on the record before us," id. at 708. Nevertheless, we did discuss, extensively and perhaps too definitively, several aspects of Burford abstention "needing attention." Id. at 709. More precisely, we addressed the relative importance of state and federal law issues, id., and whether an interpleader action would be less intrusive to the state liquidation proceedings than a direct claim against the assets of the insurer.
 
 
 5
 Our extended discussion of Burford abstention, while intended to be helpful to the district court in arriving at its determination of the appropriateness of invocation of this abstention doctrine, was, we acknowledge with the benefit of hindsight, clearly counterproductive. It conveyed to the district court the impression that the issue was foreclosed, at least as a practical matter, from further exploration. On the contrary, it had been our hope that, on remand, the district court would explore, with somewhat more elaboration than in its initial opinion, the matters to which we invited its attention. For instance, we meant to suggest that the district court could refine more precisely the reasons why, given the unique facts of this case, the considerations in cases such as Levy v. Lewis, 635 F.2d 960, 963-64 (2d Cir.1980), might counsel against abstention.[2] With respect to the relative intrusiveness of a federal interpleader action, we meant to express tentative doubts[3]--not conclusions--about the district court's view that this interpleader action would not be as disruptive of the state liquidation as other federal actions.
 
 
 6
 In an attempt to ensure that this matter can be adjudicated expeditiously on remand, we now state explicitly that the entire matter of Burford abstention is open for consideration by the district court. Neither our earlier opinion nor this opinion forecloses the district court from exploring thoroughly the matter and determining the issue de novo. Specifically, the comments in our earlier opinion about the relative importance of federal and state law issues were not intended to disapprove categorically the result reached by the district court. Nor were our remarks regarding the extent to which the interpleader action might interfere with state liquidation proceedings meant to assess this issue definitively. Moreover, all other aspects of the abstention issue are similarly open.[4]
 
 
 7
 We respectfully suggest that the district court receive additional briefing from the parties and then proceed to consider and adjudicate the matter de novo. We are also confident that the district court will conclude this matter as expeditiously as it responded to our previous opinion.
 
 
 8
 Accordingly, the judgment of the district court is vacated and the case is remanded for proceedings consistent with this order. The mandate shall issue immediately. The parties will bear their own costs of this appeal.
 
 
 9
 IT IS SO ORDERED.
 
 
 
 [1]
 Notably, the Small Business Administration was not a party to the earlier appeal in this court. See General Ry. Signal Co., 921 F.2d at 702
 
 
 [2]
 "We leave it to the district court to weigh the relative importance of federal and state law issues in this interpleader action and, if appropriate, to consider the factors identified by the Levy court." General Ry. Signal Co., 921 F.2d at 709
 
 
 [3]
 "We are doubtful that any distinction ..." 921 F.2d at 709 (emphasis supplied)
 
 
 [4]
 We note that, in its earlier effort, the district court was unable to resolve definitively whether the state liquidation proceedings could protect adequately the rights of the Small Business Administration. General Ry. Signal Co., 748 F.Supp. at 646; see also General Ry. Signal Co., 757 F.Supp. at 914 n. 2