**AUSTIN FIREWORKS, INC., Plaintiff,**

**v.**

**T.H.E. INSURANCE COMPANY, Defendant.**

**Civ. A. No. 90–1341–FGT.**

United States District Court, D. Kansas.

Dec. 8, 1992.

Alvin D. Herrington, McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, KS, for Austin Fireworks, Inc.

David J. Morgan, Hershberger, Patterson, Jones & Roth, Wichita, KS, for T.H.E. Insurance Co.

## MEMORANDUM AND ORDER

THEIS, District Judge.

This matter is before the court on the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7) for failure to join a party under Fed.R.Civ.P. 19. Doc. 6. Plaintiff Austin Fireworks brings this action against its liability insurer, T.H.E. Insurance, seeking a declaration that its policy provides coverage for the injuries suffered by Craig Dehmlow allegedly caused by the detonation of a fireworks shell manufactured and sold by Austin Fireworks. Dehmlow claims to have been injured by an exploding fireworks shell while acting in the course of his employment with Bartolotta Fireworks Company, Inc. and while engaged in the production of a fireworks display at Barrington High School in Barrington, Illinois. Dehmlow, an Illinois resident, filed suit in Illinois state court for his injuries. That action was later removed to the United States District Court for the Northern District of Illinois.

This matter was stayed by agreement of the parties pending the resolution of the issue of personal jurisdiction over Austin Fireworks in Dehmlow's personal injury action in the United States District Court for the Northern District of Illinois. The District Court in that action dismissed for lack of personal jurisdiction. On appeal, the Seventh Circuit reversed, finding personal jurisdiction over Austin Fireworks for the personal injuries allegedly suffered by Dehmlow. *Dehmlow v. Austin Fireworks*, 963 F.2d 941 (7th Cir.1992).

Under Rule 19(a) of the Federal Rules of Civil Procedure, a party shall be joined, if feasible, when:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). If the joinder of such a person is not feasible because the person is not subject to service of process or because joinder would deprive the court of subject matter jurisdiction, the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b). In deciding whether to dismiss the action or proceed without the necessary party, the court considers the following factors:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

Joinder of Dehmlow is not feasible since he is not subject to service of process under the Kansas long-arm statute. The issue presented to the court is whether an injured party is an indispensable party to an action between an insured and its liability insurer on the issue of coverage for the injured party's damages. The Kansas Supreme Court has hinted in dicta that the injured third party is an indispensable party to a declaratory judgment action between liability insurer and insured on the issue of coverage for the injured party's damages. *Heinson v. Porter*, 244 Kan. 667, 671–72, 772 P.2d 778 (1989), *overruled*

*in part on other grounds, Glenn v. Fleming,* 247 Kan. 296, 310, 799 P.2d 79 (1990). For several reasons, this court declines to follow *Heinson.* First, the indispensable party discussion was dicta. Second, the *Heinson* case is of questionable validity, having been overruled in part one year later. Finally, this court is governed by the Federal Rules of Civil Procedure, and not by Kansas procedural rules.

After considering the factors listed in Rule 19(b), the court concludes that this action may proceed in Dehmlow's absence. The court must look to the practical likelihood, rather than the mere possibility, of prejudice and subsequent litigation if the action is not dismissed. The Advisory Committee Note to the 1966 amendments to Rule 19 provides, "When a person as described in subdivision (a)(1)–(2) cannot be made a party, the court is to determine whether in equity and good conscience the action should proceed among the parties already before it, or should be dismissed. That this decision is to be made in the light of pragmatic considerations has often been acknowledged by the courts." Fed. R.Civ.P. 19 advisory committee's note (citing cases).

In discussing the first factor listed in Rule 19(b), the Advisory Committee Note provides further, "The first factor brings in a consideration of what a judgment in the action would mean to the absentee. Would the absentee be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or remote and minor? The possible collateral consequences of the judgment upon the parties already joined are also to be appraised. Would any party be exposed to a fresh action by the absentee, and if so, how serious is the threat?" *Id.* In the present case, the threat of a subsequent action by Dehmlow does not appear to be serious. Dehmlow has been notified of the pendency of this action and has chosen not to become a party. Dehmlow has, however, agreed to be bound by this court's decision on the issue of insurance coverage. *See* Doc. 21, Affidavit of Craig Dehmlow. As a practical matter, T.H.E. Insurance is not likely to be subject to multiple litigation on the coverage issue.

While on a practical level, T.H.E. Insurance will not be subject to multiple suits on the issue of coverage, the potential for prejudice of this type does exist. The second factor in Rule 19(b) requires the court to consider measures by which prejudice might be averted or lessened. *See* Fed. R.Civ.P. 19 advisory committee's note. In the present case, this court cannot by the shaping of appropriate relief lessen or avoid the potential prejudice from a subsequent lawsuit by Dehmlow. However, the potential prejudice to T.H.E. Insurance from a subsequent lawsuit is remote. Considering the third factor, the court finds that the judgment rendered in this action would be adequate since Dehmlow has agreed to be bound by it. Finally, while Austin Fireworks probably would have an adequate remedy if this action is dismissed for nonjoinder, such a remedy would not be convenient to it. Austin Fireworks could probably bring this action in Illinois, where joinder of Dehmlow would be possible. However, this court cannot determine whether T.H.E. Insurance would be subject to personal jurisdiction in Illinois. There is no assurance that Austin Fireworks could sue effectively in another forum where better joinder would be possible. *See* Fed. R.Civ.P. 19 advisory committee's note.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss (Doc. 6) is hereby denied.