**AMERICAN INTERNATIONAL SPE-
CIALTY LINES INSURANCE
COMPANY, Plaintiff,**

v.

**REIMER & KOGER ASSOC.,
INC., et al., Defendants.**

No. 94–1197–JWL.

United States District Court,
D. Kansas.

Jan. 13, 1995.

John Harl Campbell, David T. Holt, Camp-
bell, Holt & McCue, Kansas City, MO, and
William A. Cotter and E. Joseph O'Neil,
Parker, Coulter, Daley & White, Boston, MA,
for plaintiff.

Terence J. Thum, Bryan Cave, Phillip B.
Grubaugh, Deacy & Deacy, Kansas City,
MO, Charles D. McAtee, Topeka, KS, Robin
R. LaFollette, Shawnee Mission, KS, Eugene
I. Pavalon, Pavalon & Gifford, and Robert F.
Coleman, Epaminondas Epaminondas (Ed-
die) Manelis and Eugene Schiltz, Robert F.
Coleman & Associates, Chicago, IL, for de-
fendants.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is currently before the court
on the renewed motion of the defendant, the
Kansas Public Employees Retirement Sys-
tem ("KPERS"), to dismiss pursuant to Fed-
eral Rule of Civil Procedure 12(b)(1) (Doc.

# 78). The plaintiff, American International Specialty Lines Insurance Company ("AISLIC") opposes the motion. For the reasons set forth fully below, KPERS' motion to dismiss the entire action is granted.[1]

## I. Background

Plaintiff issued Reimer & Koger Associates, Inc. ("Reimer & Koger") an Investment Advisor Professional Liability Insurance Policy consisting of a one million dollar primary layer and a four million dollar excess liability endorsement. Beginning in 1991, defendant KPERS brought several lawsuits in Kansas state court against Reimer & Koger and various employees of the company. These suits potentially impact the excess coverage provision of the insurance policy. AISLIC currently defends Reimer & Koger in the underlying state court proceedings.

In September of 1993, AISLIC filed this action in the United States District Court for the Western District of Missouri against Reimer & Koger, various Reimer & Koger directors and officers and against KPERS. AISLIC seeks partial rescission of the insurance contract as well as certain declaratory relief regarding the policy. Plaintiff alleges that Reimer & Koger fraudulently obtained the four million dollars in excess coverage and that it is entitled to rescission of that endorsement. Plaintiff further avers in its complaint that if the contract is not in part rescinded, the court should find in any event that the excess coverage provision of the policy does not apply to the alleged wrongful conduct which forms the basis of KPERS' claims in the various underlying actions.

On May 3, 1994, the action was transferred to this court for lack of personal jurisdiction over the individual employees of Reimer & Koger in Missouri. KPERS' has now renewed its motion to dismiss which was never ruled upon by the district court in Missouri. KPERS argues that it is entitled to Eleventh Amendment immunity, that plaintiff's claims against it are barred, and, thus, that those claims must be dismissed. It further contends that if the Eleventh Amendment prevents the court from exercising jurisdiction

over it, then the entire suit must be dismissed because KPERS is a necessary and indispensable party to AISLIC's claims against Reimer & Koger and its directors and officers. AISLIC vehemently argues that KPERS is not entitled to Eleventh Amendment immunity and that it is not an indispensable party to this action pursuant to Federal Rule of Civil Procedure 19.

## II. Discussion

The Eleventh Amendment is a constitutional limitation on the federal judicial power established in Article II, § 2 of the Constitution. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98, 104 S.Ct. 900, 906, 79 L.Ed.2d 67 (1984). It provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." U.S. Const.Amend. XI. Unless sovereign immunity is waived or consent to suit is expressly given, neither a state nor agencies acting under its control may be subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, —— U.S. ——, ——, 113 S.Ct. 684, 687, 121 L.Ed.2d 605 (1993); *Port Authority Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 305, 110 S.Ct. 1868, 1872–73, 109 L.Ed.2d 264 (1990).

The threshold question in determining whether the Eleventh Amendment applies is whether KPERS is an arm of the state for Eleventh Amendment purposes. *Mascheroni v. Board of Regents of Univ. of Cal.*, 28 F.3d 1554, 1559 (10th Cir.1994). "The Eleventh Amendment arm-of-the-state doctrine bestows sovereign immunity on entities created by state governments that operate as alter egos or instrumentalities of the states." *Id.* Although the Tenth Circuit has not ruled on this issue, at least one district court in this circuit has found that KPERS is an arm of the state for Eleventh Amendment purposes. *See Reiger v. Kansas Pub. Employees Retirement Sys.*, 755 F.Supp. 360, 361 (D.Kan.1990) (finding KPERS immune

---

1. As a result, the joint motion for dismissal filed by the plaintiff and Reimer & Koger Assoc., Inc. (Doc. # 8) is moot.

from suit in federal court in § 1983 action seeking monetary damages and equitable relief to restore alleged deficiencies in pension benefits).

KPERS is a state agency charged with administering a statewide pension system for state employees including, but not limited to, administration of the Retirement System for Judges, the State School Retirement System, and the Kansas Police and Firemens Retirement System. K.S.A. 74–4901 *et seq.;* K.S.A. 20–2601 *et seq.;* K.S.A. 74–4931 *et seq.;* K.S.A. 74–4951 *et seq.; see also* K.S.A. 74–4903 (establishing KPERS as "an instrumentality of the state of Kansas"); *Shapiro v. Kansas Pub. Employees Retirement Sys.,* 216 Kan. 353, 357, 532 P.2d 1081, 1084 (1975) (considering KPERS as a state agency in determining whether it had consented to suit in state court for contractual obligations, including right of other contracting party to recover interest). Its mission is to provide an orderly means for public employees to provide for old age and retirement and its intended purpose is to "effec[t] economy and efficiency in the administration of governmental affairs." K.S.A. 74–4901.

The Board of Trustees of KPERS are all appointed by the governor and subject to confirmation by the state senate. K.S.A. 74–4905(a). All funds collected by KPERS are to be deposited in the state treasury. K.S.A. 74–4921(1) ("All employee and employer contributions shall be deposited in the state treasury to be credited to the Kansas public employees retirement fund ... The director of accounts and reports is authorized to draw warrants on the state treasurer and against such fund upon the filing in the director's office of proper vouchers....") and (9)(a) ("[C]ustody of money and securities of fund shall remain in custody of state treasurer....."). As an employer, the State of Kansas is obligated to contribute a substantial amount of funds to KPERS. K.S.A. 74–4920(5), 4920c(5). The Kansas division of the budget and the governor must include its obligations to the system in the state budget. K.S.A. 74–4920(2), 4920c(2).

KPERS is bound by contract to pay certain benefits to state employees who are participants of the various "defined benefit" plans that are part of the system. *Brazelton v. Kansas Pub. Employees Retirement Sys.,* 227 Kan. 443, 443, 607 P.2d 510, 511 (1980). The benefits are calculated based on the salary paid to the employee, years of participation and age at retirement. *See* K.S.A. 74–4915. The sponsoring government entity, including the state, may not eliminate or substantially change by unilateral action the rights of participants as prescribed by statute. *Brazelton,* 227 Kan. at 443, 607 P.2d at 511. The obligation of the sponsoring government entities to pay is backed by that entity's power of taxation. *See* K.S.A. 74–4920(4), 4920c(4). The benefits derived from the system appear enforceable against the state treasury. *See generally Brazelton,* 227 Kan. 443, 607 P.2d 510; *Shapiro,* 216 Kan. 353, 532 P.2d 1081.

Under these circumstances the court finds that KPERS is an arm of the state for purposes of the Eleventh Amendment. *Cf. Fitzpatrick v. Bitzer,* 519 F.2d 559, 565 (2d Cir.1975), *rev'd on other grounds,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (Connecticut retirement system was alter ego of the state); *Hair v. Tennessee Consol. Retirement Sys.,* 790 F.Supp. 1358 (M.D.Tenn. 1992) (Tennessee retirement system was alter ego of the state). Requiring KPERS to answer in federal court would "touch the concerns—[the State of Kansas'] solvency and dignity—that underpin the Eleventh Amendment. *See Hess v. Port Auth. Trans-Hudson Corp.,* —— U.S. ——, ——, 115 S.Ct. 394, 406, 130 L.Ed.2d 245 (1994). It should, then, be entitled to assert its immunity in this action.

■ Plaintiff does not dispute that KPERS is an arm of the state, but rather contends that because this declaratory judgment action does not allege any wrongdoing by KPERS, implicate the state treasury, or seek relief directly against the state, KPERS is not entitled to assert its sovereign immunity. The nature of the relief sought, however, does not affect whether a state is entitled to Eleventh Amendment immunity. The Eleventh Amendment "jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 908; *see also Puerto Rico Aqueduct,* —— U.S. at

——, 113 S.Ct. at 688 (type of relief sought important in context of suit against state officials, but suits against the states and their agencies are barred regardless of the relief sought).[2] "States and state agencies 'retain their immunity against all suits in federal court.'" *Hensel v. Office of the Chief Administrative Hearing Officer,* 38 F.3d 505, 509 (10th Cir.1994) (citing *Puerto Rico Aqueduct,* —— U.S. at ——, 113 S.Ct. at 689). Thus, the fact that this is a declaratory judgment action which does not seek money damages from the state is not determinative of whether sovereign immunity applies to bar plaintiff's claims against KPERS. *See Southern Pac. Transp. Co. v. City of Los Angeles,* 922 F.2d 498, 508 (9th Cir.1990) (state agency was immune from suit despite the fact that only declaratory and injunctive relief was sought).

In support of its position that the lack of any claim alleging wrongdoing by KPERS or seeking direct relief from the state ensures that KPERS is a proper defendant, AISLIC cites several cases in which a state entity or official was not deemed a real party in interest for Eleventh Amendment purposes, and, thus, was not entitled to immunity. Each of these cases involved either an insolvent insurer or a failed financial institution in which the state agency or official acted as liquidator or receiver in a representative capacity or was a nominal party. By contrast, in this case KPERS is an actual party to the litigation and any judgment will substantially affect its rights under state law. Moreover, contrary to plaintiff's assertion, a judgment in AISLIC's favor could impact the Kansas treasury. When a state agency directly asserts significant state interests in an action in federal court and does not merely act in a representative capacity, courts have found that the state is the real party in interest. *See General Ry. Signal Co. v. Corcoran,* 748 F.Supp. 639, 643 (N.D.Ill.1990) (citations omitted), *vacated on other grounds,* 969 F.2d 519 (9th Cir.1992). Thus, the cases cited by

plaintiff are distinguishable from the circumstances of this case and do not stand for the proposition that KPERS is precluded from asserting immunity.

■ The court is persuaded that KPERS is acting as an arm of the state in the context of this litigation and that the claims brought against it are barred by the Eleventh Amendment. Because KPERS, or the State of Kansas, has not waived its immunity or consented to suit, it must be dismissed as a defendant from this action. The remaining issue, then, is whether the suit may proceed without KPERS or whether KPERS is an indispensable party such that the entire action must be dismissed. *See Missouri v. Fiske,* 290 U.S. 18, 28, 54 S.Ct. 18, 21, 78 L.Ed. 145 (1933) ("[W]here it appears that a state is an indispensable party to enable a federal court to grant relief sought by private parties, and the state has not consented to be sued, the court will refuse to take jurisdiction.").

Under Rule 19(a) of the Federal Rules of Civil Procedure, a party shall be joined, if feasible, when complete relief cannot be accorded in the party's absence, or when the disposition of an action in the party's absence may, as a practical matter, impair or impede the party's ability to protect its interest. Fed.R.Civ.P. 19(a). If the joinder of a party is not feasible, the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b).

■ The parties do not dispute that KPERS is a "necessary party" to this action. They disagree, however, whether KPERS is "indispensable" and whether this court can adjudicate the claims asserted in KPERS' absence. Whether a party is indispensable must be determined according to the circumstances of a particular case. *Provident Tradesmens Bank & Trust Co. v. Patterson,*

---

**2.** Plaintiff cites *United Pac. Ins. Co. v. Capital Dev. Bd.,* 482 F.Supp. 541, 546 (N.D.Ill.1979), which found, in the context of determining whether to exercise supplemental jurisdiction, that a state agency was not entitled to sovereign immunity in a declaratory judgment action.

That court seems to have improperly looked to the nature of the relief sought to determine whether joinder of a state agency would violate the Eleventh Amendment and, thus, its reasoning should not be followed here.

390 U.S. 102, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968). The court must consider:

> (1) the extent to which a judgment rendered in the party's absence might be prejudicial to the party or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the party's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed.

Fed.R.Civ.P. 19(b). The court should look to "practical possibilities more than theoretical possibilities" in considering possible prejudice to the parties. *Provident Tradesmens,* 390 U.S. at 118 n. 12, 88 S.Ct. at 742 n. 12; *State Farm Mut. Auto. Ins. Co. v. Mid–Continent Cas. Co.,* 518 F.2d 292, 295 (10th Cir.1975); *see also Austin Fireworks, Inc. v. T.H.E. Ins. Co.,* 809 F.Supp. 829, 830 (D.Kan. 1992).

Applied to the circumstances of this case, the factors set out in Rule 19(b) persuade the court that this action should not proceed without KPERS. Although KPERS would not be bound by a judgment in this court, an "adverse ruling could, as a practical matter, impair its probability of success in a future proceeding and reduce its ability to reach a favorable settlement." *See Gonzalez v. Cruz,* 926 F.2d 1, 6 (1st Cir.1991) (citing *Provident Tradesmens,* 390 U.S. at 110, 88 S.Ct. at 738; *Acton Co. Inc. of Mass. v. Bachman Foods, Inc.,* 668 F.2d 76, 81 (1st Cir.1982)). Plaintiff and Reimer and Koger have indicated to the court that they have come to an agreement regarding certain claims in this action and now seek court approval of a settlement. KPERS opposes the settlement. As a practical matter, proceeding in the absence of KPERS is very likely to hamper its ability to take part in any settlement or to protect its rights to any insurance proceeds which might be available to it. The court could not structure relief which would protect KPERS' interests or lessen or avoid the prejudice to it.

As to the third factor, because it would not be bound by a judgment in this court, KPERS would be free to institute its own action in state court to determine any rights it may have under the insurance policy at issue. It is apparent to the court that such an action would be filed eventually, if not immediately. Where litigation threatens to continue, the judgment rendered or the relief afforded is less than adequate to all parties. *See Gonzalez v. Cruz,* 926 F.2d at 6 (To the extent that questions of liability would be unresolved and open to continuing litigation, a judgment in the absence of an insurer was less than adequate). Considering that the purpose of a declaratory judgment action is to join all parties and resolve all disputes in one action, it would appear that the threat of continuing litigation and the inability to dispose of the entire controversy tilts the scales further in favor of finding KPERS indispensable under the circumstances of this case. *See State Farm Mut. Auto. Ins. Co.,* 518 F.2d at 295 (all interested parties should be joined in a declaratory judgment action whenever possible and declaratory judgment should not be entered unless it disposes of a controversy and serves a useful purpose).[3]

Regarding the fourth factor, plaintiff clearly has an adequate alternative remedy should this action be dismissed. AISLIC can bring this declaratory judgment action in state court and resolve all disputes in one proceeding. The court has no reason to doubt the adequacy of the state forum and sees no unfair prejudice to AISLIC as a result of litigating its claims there.

The right of KPERS to recover any proceeds of the insurance contract between plaintiff and Reimer and Koger is not separable from, or independent of, the right of plaintiff to rescind any portion of that contract or to prevent recovery thereunder, or from the rights of the Reimer and Koger defendants under the policy. A final decision cannot be made between plaintiff and the

---

**3.** *See generally* 3A James W. Moore et al., Moore's Federal Practice ¶ 19.17 (2d ed. 1994) (Because declaratory judgment must serve a useful purpose, mainly in affording a remedy warranting adjudication which could be presented only imperfectly under more traditional forms of procedure, courts have, in exercising their discretion, refused to proceed in the absence of a party who is merely necessary and not actually indispensable).

other defendants without directly affecting and prejudicing the rights of KPERS. The court cannot find in equity and good conscience that this action should proceed without KPERS, and, thus, the entire action must be dismissed.

### III.  Conclusion

**IT IS THEREFORE ORDERED BY THE COURT** that the motion of the defendant, Kansas Public Employees Retirement System, to dismiss the entire action (Doc. # 78) is granted.

**IT IS SO ORDERED.**