UNITED STATES FIRE INSURANCE
COMPANY, et al., Plaintiffs,

v.

The MILTON COMPANY,
et al., Defendants.

Civil Action No. 95–0537 (JR).

United States District Court,
District of Columbia.

Sept. 25, 1996.

James F. Jordan, David P. Durbin, D.
Stephenson Schwinn, Jordan Coyne & Savits,
Washington, DC, Margaret R. Catalano,
Christopher R. Carroll, Morristown, NJ, for
Plaintiffs.

Lorelie S. Masters, Mark H. Kolman,
Anderson, Kill, Olick & Oshinsky, P.C.,
Washington, DC, Barry L. Steelman, Barry
L. Steelman, P.A., Baltimore, MD, for Council of Unit Owners of Bentley Place Condominium.

### MEMORANDUM

ROBERTSON, District Judge.

U.S. Fire Insurance Company and North
River Insurance Company filed this declaratory judgment action against The Milton
Company, Tuckerman Lane Development
Company and Milton Schneiderman, developers and builders of an apartment complex in
Maryland, in March 1995. The insurers
sought to resolve a dispute about whether
certain policies they had sold to the developers provided coverage for claims made
against the developers, in the state courts of
Maryland, by the Council of Unit Owners of
Bentley Place Condominium. The Council
moved to intervene, asserting an interest in
the proceeds of the insurance policies that
was not adequately represented by developer/policyholders. In June 1995, because parallel state court litigation was then pending
that might have resolved the discovery dispute, proceedings in this case were stayed,
*see Brillhart v. Excess Ins. Co.*, 316 U.S. 491,
62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and the
Council's motion to intervene was denied
without prejudice to its renewal if the Maryland litigation did not resolve all the issues
among the parties.

In February 1996, when it appeared that
the Maryland coverage litigation initiated by
the Council had been dismissed, the *Brillhart*
stay was vacated, and plaintiff insurers were
granted leave to file a second amended complaint. The second amended complaint added three insurance companies as parties (two
as plaintiffs, one as defendant) and named
the Council of Unit Owners as a defendant.

The Council of Unit Owners, which had
once sought to intervene, now moves to dismiss for lack of personal jurisdiction. The

Council also moves for dismissal pursuant to F.R.Civ.P. 19(b).[1]

*Personal Jurisdiction of the Council of Unit Owners.*

■ It appears from the record that the Council is a legal entity formed in Maryland, that all of its business transactions occur in Maryland, and that it has no business ties to the District of Columbia. The only showing offered by the plaintiffs as to why jurisdiction of the Council is proper is their argument that, by moving to intervene at an earlier stage in the case, the Council has consented to the jurisdiction of this Court. They rely for that proposition, however, upon *Schneider v. Dumbarton Developers, Inc.,* 767 F.2d 1007, 1017 (D.C.Cir.1985) and *District of Columbia v. Merit Systems Protection Board,* 762 F.2d 129, 132 (D.C.Cir.1985), both of which deal with parties that actually had intervened, rather than parties that had once unsuccessfully attempted to intervene. It is really up to the Council: (1) It does appear that the Court lacks *in personam* jurisdiction of the Council of Unit Owners, and the Council insists that it has not waived its jurisdictional defense. The Council will accordingly be dismissed; but (2) if the Council reconsiders and decides to seek leave to intervene again, its motion will be entertained if timely made.

*Indispensable Parties.*

■ There appears to be no controlling circuit precedent on the question whether an injured person is an indispensable party to a declaratory judgment action between insurer and insured about coverage of the injured person's claim. Recent district court cases that have dealt with the issue, *Austin Fireworks, Inc. v. T.H.E. Insurance Co.,* 809 F.Supp. 829 (D.Kan.1992); *Nat'l Union Fire Ins. Co. v. Mass. Municipal Wholesale Elec. Co.,* 117 F.R.D. 321 (D.Mass.1987); *Black Diamond Girl Scout Council v. St. Paul Fire & Marine Ins.,* 621 F.Supp. 96 (S.D.W.Va. 1985), have reached inconsistent results.

It is clear that an injured party is a *necessary* party in a declaratory judgment action brought to test the coverage of an insurance policy. See *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826 (1941); *Hawkeye–Security Ins. Co. v. Schulte,* 302 F.2d 174 (7th Cir.1962). The inquiry mandated by Rule 19(b), however, assumes that the party in question is a necessary party within the meaning of Rule 19(a) and proceeds to determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." The factors to be considered by the Court are set forth within the four corners of Rule 19(b). They are

> "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder."

In this case, the procedural maneuvering of the Council of Unit Owners betrays a single-minded effort on its part to place this litigation in the forum of its choosing. It is certainly the case, applying the first test mandated by Rule 19(b), that a judgment rendered in the Council's absence might be "prejudicial" to the Council, especially if such a judgment is later deemed to have bound the Council by the doctrine of collateral estoppel (the Council has had—and still has—a "full and fair opportunity" to litigate its claims in this forum, *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Applying Rule 19(b)'s second test, however, the prejudice can be avoided by the Council's re-intervention, and that is a matter that is within the Council's own control.

---

1. The Council's motion also asserts lack of jurisdiction of the persons of the nonresident defendants Tuckerman Lane Development Co. and Milton Co. Those parties, however, have appeared, answered, and opposed the Council's motion to dismiss. The defense of lack of jurisdiction over the person was theirs to make, and has been waived. F.R.Civ.P. 12(h)(1).

The fact that it is within the Council's control whether or not to become a party here is dispositive of the "equity and good conscience" test. The Council is a necessary but not indispensable party.

An appropriate order accompanies this memorandum.

### ORDER

For the reasons stated in the accompanying memorandum it is this 25th day of September 1996

**ORDERED** that the motion of Council of Unit Owners of Bentley Place Condominium to dismiss [# 30] is **granted in part and denied in part.** It is

**FURTHER ORDERED** that the Council of Unit Owners is hereby dismissed as a party defendant for want of personal jurisdiction. And it is

**FURTHER ORDERED** that this action proceed as to the remaining parties.